# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2021

Lyle W. Cayce
Clerk

No. 21-50290
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL ISSAC RAMIREZ-BAEZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 4:20-CR-470-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Miguel Ramirez-Baeza appeals his within-guidelines sentence of sixteen months' imprisonment and three years of supervised release following his guilty-plea conviction of illegal reentry into the United States. He contends that the 8 U.S.C. § 1326(b) recidivism enhancement is unconstitu-

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50290

tional because it permits a sentence above the otherwise-applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

As Ramirez-Baeza concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment is AFFIRMED.